**In Re Anonymous No. 3 D.B. 85**

Disciplinary Board Docket No. 3 D.B. 85.

ELLIOTT, *Chairman,* April 4, 1986—

## REPORT OF HEARING COMMITTEE 3.04

## I. SUMMARY OF CASE

This case involves two charges filed in a petition for discipline by the Disciplinary Board. The first charge involves essentially neglect by respondent while employed by [A] Legal Services, particularly in failing to cooperate with successor counsel in pending cases after respondent left that employment in November 1983. The second charge in-

volves respondent's failure to appear for a private reprimand relating to her neglect of matters while employed by [A] Legal Services, said private reprimand having been scheduled for March 5, 1985.

The issues involved are:

1. What disciplinary rules has respondent violated.

2. What discipline should be imposed on respondent.

The hearing committee finds that respondent, [ ], has violated Disciplinary Rules as charged and recommends that she receive public censure by the Supreme Court with probation for a period of six months.

## II. STATEMENT OF THE CASE

On May 9, 1985, a petition for discipline was filed by petitioner, Office of Disciplinary Counsel, with the Disciplinary Board charging respondent, [ ], in two separate charges or counts with violation of the provisions of the following Disciplinary Rules of the Code of Professional Responsibility:

### CHARGE I

A. D.R. 1-102(A) (6), which prohibits an attorney from engaging in conduct which adversely reflects on fitness to practice law;

B. D.R. 2-110(A) (2), which prohibits an attorney from withdrawing from employment until he has taken reasonable steps to avoid forseeable prejudice to the rights of his client;

C. D.R. 6-101(A) (3), which prohibits an attorney from neglecting a legal matter entrusted to him;

D. D.R. 7-101(A) (3), which prohibits an attorney from intentionally prejudicing or damaging a client during the course of the professional relationship; and,

E. D.R. 9-102(B) (4), which requires an attorney to promptly pay or deliver to the client as requested by client funds, securities or other properties in the lawyer's possession which the client is entitled to receive.

## CHARGE II

A. D.R. 1-102(A) (5), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice;

B. D.R. 1-102(A) (6), which prohibits an attorney from engaging in conduct which adversely reflects on fitness to practice law;

C. Pa. R.D.E. 203(b) (2), which provides that willful failure to appear before the board for private reprimand shall be grounds for discipline; and

D. Disciplinary Board Rule §87.53(b), which provides that neglect or refusal of respondent-attorney to appear for a private reprimand without good cause shall constitute an independent act.

The petition for discipline was personally served on respondent on May 22, 1985. No answer has been filed by respondent, nor has respondent acknowledged the disciplinary proceedings in any way, dating back to the initial disciplinary proceedings involving neglect while employed by the [A] Legal Services. Hearing was originally scheduled before the hearing committee on Monday, December 9, 1985, at 1:30 p.m., and, thereafter, the time for hearing was rescheduled to Monday, December 9, 1985, at 10:00 a.m. Notice of the time and place for the hearing and the revised time for the hearing were given to respondent by mail and by telephone at her place of employment. Respondent did not appear at the hearing, and the chairman of the hearing committee attempted to reach respondent at her place of employment before commencing the hear-

ing. Respondent was not available and did not return a telephone call. Further, the chairman of the hearing committee, by letter dated December 11, 1985 and forwarded to respondent at her place of employment, offered respondent the opportunity to present any mitigating evidence or to request a dispositional hearing in the matter. Respondent failed to do so. Petitioner has filed a brief in which brief the recommendation is made that the appropriate discipline in the matter would be a suspension of four to six months. Respondent has filed no brief.

The hearing committee finds that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility and of Disciplinary Enforcement, as set forth above:

D.R. 1-102(A) (6); D.R. 2-110(A) (2); D.R. 6-101(A) (3); D.R. 7-101(A) (3); Pa. R.D.E. 203(b) (2).

The hearing committee members briefly conferred on the case at the close of the hearing on December 9, 1985. Thereafter, they have conferred by telephone and reached the decision set forth in this report.

## III. RULINGS ON PROCEDURAL MATTERS

On the day of the hearing, petitioner moved for admission into evidence of petitioner's Exhibits 1 through 23. Respondent was not present at the hearing in person or through counsel, and no objection was interposed, and, further, the exhibits appearing to be relevant to the matter at hand, said exhibits were admitted.

## IV. FINDINGS OF FACT

The hearing committee specifically adopts as its findings of fact the unopposed proposed findings of

fact submitted by petitioner in petitioner's brief to hearing committee [  ].

"1. Petitioner, whose principal office is situated at Commerce Building, 3rd Floor, 300 N. Second Street, Harrisburg, Pa., is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement (hereinafter Pa.R.D.E.), with the power and duty to investigate all matters involving alleged misconduct of any attorney 'admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules of Disciplinary Enforcement.

2. Respondent was admitted to practice law in the Commonwealth on November 9, 1982. She is employed by and maintains her office at the [B].

3. Respondent was employed as a temporary staff attorney in the [  ] Office of [A] Legal Services from September, 1982, until November 30, 1983.

4. On November 14, 1983, respondent was notified that her temporary employment would terminate November 30, 1983, and that a number of specific steps would be required of her, including informing her successor of all cases pending in the office.

5. In her capacity as staff attorney for [A] Legal Services, respondent was representing one [C] during the year 1983 on an unemployment-compensation case.

6. Respondent filed a petition for review in the Commonwealth Court in August 1983 appealing the administrative denial of unemployment compensation benefits to [C]. The case was docketed to no. [  ].

7. In September, 1983, the Commonwealth Court notified respondent that her brief on [C]'s behalf would be due on November 3, 1983.

8. Respondent filed no timely brief on the [C] matter, failed to seek or secure any extension of time for filing of said brief and totally failed to notify successor Legal Services staff counsel of the status or existence of the case when respondent left employment with [A] Legal Services on November 30, 1983.

9. Successor Legal Services staff counsel [D], Esq., did not learn of the existence of the [C] matter or of the overdue brief to the Commonwealth Court until he received a fortuitous telephone call from the client on or about December 22, 1983.

10. In her capacity as staff attorney for [A] Legal Services, respondent was representing Mr. and Mrs. [E] during 1983 in their effort to obtain public assistance benefits.

11. Respondent filed a petition for review in the Commonwealth Court in January 1983 appealing the administrative denial of public assistance benefits to the [E]'s. The case was docketed to no. [   ].

12. The Commonwealth Court notified respondent that her brief on the [E]'s behalf would be due on July 18, 1983.

13. Respondent filed no timely brief on the [E] matter, failed to seek or secure any extension of time for filing of said brief, and totally failed to notify successor Legal Services staff counsel of the status or existence of the case when respondent left employment with [A] Legal Services on November 30, 1983.

14. Successor Legal Services staff counsel [D], Esq., did not learn of the existence of the [E] matter or of the overdue brief to the Commonwealth Court until he fortuitously discovered the file in early 1984.

15. In her capacity as staff attorney for [A] Legal Services, respondent was representing one [F] in

1983 in an effort to avoid termination of [F]'s food stamp benefits.

16. During the course of this representation, [F] had provided respondent with tax returns and other documents relative to income he had received as a process server.

17. [F] was in need of said documents in early 1984 for the possible defense of continuing action against him by the Pennsylvania Department of Welfare. The documents could not be located in the offices of [A] Legal Services.

18. Despite repeated requests to respondent from successor Legal Services staff counsel to assist in locating the documents, respondent failed to respond or cooperate in any manner.

19. In her capacity as staff attorney for [A] Legal Services, respondent was representing one [G] in 1983 on an unemployment-compensation case.

20. On June 7, 1983 the Unemployment Compensation Board of Review entered an order affirming the decision of the Office of Employment Security and the referee, declaring [G] ineligible for benefits.

21. Though instructed to appeal, respondent did not properly perfect an appeal to the Commonwealth Court in July 1983, and subsequently respondent totally failed to notify successor Legal Services staff counsel of the status or existence of the case when she left employment with [A] Legal Services on November 30, 1983 and left no file of any sort concerning the case.

22. Successor Legal Services staff counsel [D], Esq., did not learn of the existence of the [G] matter until he received a fortuitous telephone call from the client in December 1983.

23. Attorney [D] could locate no file in the Legal Services' office pertaining to the [G] case, and could

locate only scattered, inconclusive indicia (such as materials in storage on a word processor) that a petition for appeal had ever been prepared.

24. The Commonwealth Court had no record of an appeal on behalf of [G] ever having been filed.

25. In an effort to reconstruct the [G] file and to gain any information as to whether appropriate appeal papers had been mailed, so as to support a nunc pro tunc appeal, attorney [D] wrote to respondent on numerous occasions between February and June 1984.

26. Respondent responded to none of those entreaties and failed to provide even the simplest information to help in the effort to preserve the [G] appeal.

27. In mid-November 1983, as her employment with [A] Legal Services neared conclusion, respondent on several occasions was requested and agreed to meet with the Legal Services Executive Director and successor staff counsel to discuss the status of all legal matters then pending in the [ ] office of [A] Legal Services.

28. Respondent failed to appear at the several meetings that were scheduled in the period of November 1983 to January 1984, and never provided any report as to the status of any of the files in the Legal Services' office.

29. Throughout 1984 and 1985 respondent continued in her failure to provide such information or provide any documents or client file materials still in her possession, despite continued repeated requests from the staff, the executive director, and the board of directors of [A] Legal Services.

30. As a consequence of respondent's failure to cooperate in the transfer of representational responsibilities to successor counsel, [A] Legal Services cannot be assured that there are not other files of

which successor counsel has no information, creating continuing risk of prejudice to an unknown number of clients.

31. As a result of respondent's actions as set forth hereinabove, an order was entered on January 23, 1985, pursuant to Pa.R.D.E. and Disciplinary Board Rules, that a private reprimand be imposed on respondent by the Disciplinary Board.

32. As a condition of the aforesaid private reprimand, respondent was required to produce proof that she had:

(a) Turned over to [A] Legal Services all .files, documents, or other materials that respondent has in her possession and that relate to matters that she handled while in the employ of [A] Legal Services.

(b) Provide to [A] Legal Services whatever information she has about files, documents, or materials that are not in her possession but that relate to matters that she handled while in the employ of [A] Legal Services.

(c) Communicate with the proper officer or officers of [A] Legal Services and has provided full and complete report of matters that she handled while in the employ of that organization and she has satisfactorily discharged all of her obligations to that organization and to her former clients.

33. Respondent was notified by letter dated January 24, 1985 and notice dated February 7, 1985 of the scheduled administration of the private reprimand set for March 5, 1985 and of the conditions attached to said private reprimand.

34. Respondent failed to comply with the conditions of the private reprimand.

35. Respondent failed to appear for the private reprimand on March 5, 1985, and failed to provide any reason to the Disciplinary Board for her failure to do so.

## V. DISCUSSION

The hearing committee was troubled by this case, particularly where a young attorney, who had apparently been overwhelmed by her workload and due to her inexperience was unable to handle the work. Her successor in the [   ] office of [A] Legal Services, [D], testified at the hearing as follows:

Q. "Can you offer any illumination to the committee as to why there would be briefs that were not filed, major steps that were taken, phone calls not returned?

A. "Just a little bit. As I said, this was once a three-attorney office. It was down to one. Respondent didn't have enough experience to be a one attorney in that office. She didn't.

"The problems that I found when I came in there were problems of an inexperienced attorney. I confirmed with my staff that she was a dedicated attorney who was concerned about her clients and worked hard, but really didn't have a grasp on how to control paper, among other things. A simple thing like that that you learn with experience."

This does offer any valid excuse for her failure to cooperate with successor counsel, especially where prejudice to clients might well occur and more to the point for her failure thereafter to appear for a private reprimand before the Disciplinary Board.

Respondent, despite all efforts even to date of hearing and thereafter, has simply ignored the disciplinary proceedings arising out of her employment at [A] Legal Services.

Petitioner, in his brief, argues ably that the appropriate discipline in this case is a suspension of four to six months. However, the hearing committee is reluctant to recommend a suspension. The committee does not believe it has the duty to speculate

about the reason for respondent failing to appear either for the private reprimand or before the committee at the time of hearing. However, the initial charges in this matter arising out of respondent's neglect and failure to cooperate with her successor attorney at [A] Legal Services resulted in a scheduled private reprimand. The hearing committee believes that the appropriate discipline for failure to appear at the private reprimand is public censure and, further, that a condition of the public censure be a period of probation of six months under the supervision of the Disciplinary Board.

## VI. CONCLUSIONS OF LAW

The hearing committee finds that respondent, by her conduct, violated the following Disciplinary Rules of the Code of Professional Responsibility:

1. D.R. 2-110(A) (2)
2. D.R. 6-101(A) (3)
3. D.R. 7-101(A) (3)
4. Pa. R.D.E. 203(b) (2)·
5. D.R. 1-102(A) (6)

## RECOMMENDATION

For the foregoing reasons the appropriate discipline to be imposed upon respondent is public censure by the Supreme Court with probation for a period of six months under supervision of the Disciplinary Board, pursuant to Disciplinary Rule 204(3).

## RULE TO SHOW CAUSE

And now, this May 22, 1986, you are hereby directed to set forth the reason or reasons why you did not appear before this board for a private reprimand on March 5, 1985, and why you did not appear be-

fore hearing committee [ ] on December 9, 1985.

You are further directed to advise this board of your present position, as far as the practice of law is concerned.

The rule is returnable 20 days after service at the following address: Nan M. Cohen, Secretary to the Board, Third Floor, Commerce Building, 300 North Second Street, Harrisburg, Pa. 17101. A copy of your response shall be served on Disciplinary Counsel.

## ORDER

DANIELS, *Chairman,* And now, this January 23, 1985, in accordance with Rule 208(a)(4) Pa.R.D.E., the determination by a reviewing member of the above captioned matter is accepted; and it is ordered that the said respondent of [ ] County be subjected to a private reprimand with condition attached by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(b) and Rule 205(c)(7) of the Pennsylvania Rules of Disciplinary Enforcement.

## CONDITION

Respondent is directed to provide proof other than her own statement that she has;

1. Turned over to [A] Legal Services all files, documents or other materials that respondent has in her possession and that relate to matters that she handled while in the employ of [A] Legal Services.

2. Provided to [A] Legal Services whatever information she has about files, documents, or materials that are not in her possession but that relate to matters that she handled while in the employ of [A] Legal Services.

82

3. Communicated with the proper officer or officers of [A] Legal Services and has provided full and complete report of matters that she handled while in the employ of that organization and she has satisfactorily discharged all of her obligations to that organization and to her former clients.

Proof of having complied with the above shall be submitted to disciplinary counsel and the secretary of the board within five days prior to the scheduled private reprimand.

Failure to comply with the above condition shall be grounds for reconsideration of this matter under the specific provisions of Enforcement Rule 208(b)(2) and Disciplinary Board Rule 87.53(b).